Good morning, everyone. The panel has before it five cases, one of which is being submitted on the brief without oral argument today. That is Appeal No. 06-3269, Alvor v. Office of Personnel Management. On the argument list, we'll hear first argument in Appeal No. 06-1211, Citizen Electronics v. Osram. Mr. Weinrock, good morning. Welcome. Please proceed. Thank you, Your Honor. May it please the Court. Here we have two D.J. cases that were filed. We know what the facts are. Let me ask you this. Did you concede in front of Judge Huvel that the issue here was entirely controlled by D.C. Circuit law? Isn't that a yes or no question? If it is properly applied, we believe under D.C. Circuit law we should prevail. That's not the question. The question is whether you conceded in front of the trial judge that the issue regarding jurisdictional dismissal was controlled entirely by D.C. Circuit law, as distinct from federal circuit law. I do not believe that concession was made. Well, did you cite the federal circuit Arrowhead or GAF cases to Judge Huvel? Absolutely. Arrowhead was cited. And in fact, when the first case was dismissed, the district court judge cited Arrowhead as the reason why the subsequent German action that was filed after the first D.J. case was filed, the district court judge cited Arrowhead as to why you do not consider post-filing events. Then I take it your answer is no, we didn't concede that D.C. Circuit law applied. On the contrary, we tried to get her to apply federal circuit law, namely Arrowhead and GAF. That's correct. But she apparently was under what you would, I guess, now characterize as a misapprehension, that you had in fact acknowledged that D.C. Circuit law applies. Because she says that flat out in her opinion. Again, I think under either law... Well, before we get there, let's settle this with some clarity. I do not believe we made that concession. Okay. Well, where can you point us to the place where this was discussed and you say you pressed not D.C. Circuit law but federal circuit law? I believe in our citation of Arrowhead. Where exactly did we cite Arrowhead in the... Well, because Arrowhead doesn't specifically address the which court's law issue, then just citing Arrowhead doesn't seem to me to necessarily direct one to the proper resolution of that question. We have cases in which we've said the issue of collateral estoppel issue preclusion is a matter of regional circuit law. And you're saying that you really think we should walk away from those cases, as I take it. Well, in this particular instance, and I'd like to say why. In this particular instance, you have a situation in which when you're determining whether there is jurisdiction, you consider the totality of the circumstances. And Arrowhead clearly says that, aside from the race judicata issue. And if you're going to apply different race judicata law depending on the circuit, that can vary the set or subset of circumstances that would be considered within the totality of the circumstances. Yeah, but that would be a reason why we should create a trumping rule in this appeal. The question is whether Arrowhead created a trumping rule itself. And it seems to me Judge Bryson has a very powerful point. I didn't see any discussion in Arrowhead of Seventh Circuit law being contrary. There seemed to be no our law versus their law analysis at all in Arrowhead. So how could Arrowhead have created a trumping rule? I don't think Arrowhead specifically said we're looking at this and we're seeing that there's a conflict. Is it your view that implicitly Arrowhead created a rule that federal circuit law would be different and would trump each regional circuit's law? I think Arrowhead demonstrates that the issue of race judicata is intertwined with the consideration of the totality of the circumstances. And that is why you should look to that case as being instructive on this issue. But this issue being what circumstances you look at or this issue being which circuit's race judicata law you follow? I think the better view is that federal circuit law should apply in this situation. Because that would be good policy in your opinion or because Arrowhead or GAF implicitly so held? I personally I do not like to extrapolate and say a court was intending to do something when it does not specifically state that. And I don't think either case you can really say hey we're examining this issue and then we see this conflict. Would you accept this characterization of your position that you're saying to the extent not implicitly already so held in GAF or Arrowhead? This panel in this case should hold that federal circuit law trumps where there's a conflict. And that in your view there is a conflict between Dozier and the other DC circuit cases versus Arrowhead and our other cases. I would absolutely agree with that. All right. But does Arrowhead help you? Did Arrowhead deal with a later asserted fact in the second case that was known during the pendency of the first one? Absolutely. Arrowhead is directly on point. And in fact, as I mentioned earlier, in dismissing the first case, the district court cited Arrowhead as the reason why the later event occurring after filing should not be considered. Because it cited Arrowhead and said you only consider the facts at the time of filing the first suit. And in Arrowhead, in fact, what had occurred was that there was another warning letter after the first suit. And there was a dismissal. And the D.J. plaintiff refiled again. And so the facts in Arrowhead are very similar to what happened here. And in fact, when we saw the citation to Arrowhead. But was that later event the controlling factor in the decision? Or was Arrowhead a totality of circumstances case? Well, what the court said in Arrowhead was that you look at the totality of the circumstances. And in fact, there was a race judicata argument made in Arrowhead to the effect that you should only look at the new things that were pled for the first time. And in Arrowhead, they said, no, you have to look at the totality of the circumstances again, not just erase the slate with some of the things that occurred before. You have to look at the totality of the circumstances. Might it depend on whether the new fact strengthens or weakens the threat? I think in a particular case, it could be possible either way. I don't know what you mean by it could be possible either way. Can you explain? Well, you indicated, I guess maybe I misunderstood your question. Could the new fact strengthen or weaken? I think the answer is yes. Are you saying that it should be considered differently depending on whether it strengthens or weakens? Yes. I'm asking whether you think that logically or legally, how it's considered, the context in which it's considered, should perhaps depend on whether it adds to or weakens the inference of a threat. I think analytically, you should consider the totality of the circumstances either way. Now, why isn't the DC circuit rule, at least one interpretation of it, better policy than the contrary rule since it would allow for litigation in the first case of everything known as of the decision time in that case? And thereby, it ought to decrease the number of subsequent filings that might be required. Well, there's a couple reasons. One, basically what occurred in that case is that events occurring post-filing would not be considered, but then events that were pre-dismissal would also not be considered. So there is a window of time when things just simply could not be considered. I'm talking about the time period between the day of filing and the day of decision in case number one, the first D.J. complaint. And I'm saying, why isn't it better policy, as seems to be the DC circuit law, to require all known facts relating to imminent threat to be adjudicated in that first case for the reason that it ought to decrease the number or likelihood of subsequent D.J. filings and thereby enhance economy of judicial resources? I'm not sure it would provide economy, as we mentioned in our brief. One effect of that would be when you have a dismissal without prejudice, it effectively is turning it into a dismissal with prejudice, and you need to appeal. I'm asking you a question about policy because you're arguing policy for the federal circuit rule, and I'm wondering whether the policy doesn't cut the other way. I don't understand how intervening facts, those arising between filing and dismissal, if litigated in the first case, doesn't promote judicial efficiency, because obviously anything that is litigated in case number one doesn't have to be litigated in case number two or three or four or whatever number of D.J. complaints ultimately get filed. Therefore, it seems like by definition it promotes efficiency. Okay, there's a couple points there. One, the issue of the events occurring post-filing were clearly raised before the district court in the first D.J. case, and the district court specifically declined to consider it, and in its decision it cited Arrowhead, saying that we don't consider post-filing events. We look at jurisdiction as of the time the complaint was filed. Are you saying that Judge Shovell switched laws on you between the first complaint and the second complaint, whereas in the first complaint she wouldn't let you litigate, you say, intervening facts, and then in the second complaint she said you had to litigate intervening facts? Yes, that's correct. You certainly could have amended your complaint. Well, if you look at cases like… I guess my question is why not? I mean, why wouldn't that solve your problem? If you look at cases like GAF and it says, well, when you don't satisfy jurisdiction when the case was filed, the subsequent amendment may not be affected and may not get you to where you want to be. Well, maybe that's limited to where there's no patent right extent as of the time of filing. That's not what we have here. You think you would have been barred from amending in this case? Well, I think the issue is that there is no list of when filing an amendment is not only proper but the only way in order to get intervening facts considered. Well, it certainly is, I think everybody would agree, a more efficient way than stopping a lawsuit, having a dismissal, and then starting all over again, whether in the same court or in another court or whatever. I mean, if you could solve the problem by amending, just in terms of judicial economy, as the Chief Judge just alluded to, that seems to be the preferable course. Now, the question would be then, what exactly is it that prevents a party in your position from amending as the proper way to get these later developed facts before the district court in a proper posture? Well, a couple of things. One, in the decision, in the first case, the district court did not say, well, I'm not going to consider that and the appropriate way to get that considered is to amend. Instead, the district court, which would have given us an opportunity… But you didn't know what she was going to rule. Absolutely. At the time you should have amended and could have amended, you were charged with knowing that the D.C. Circuit Law, Dozier and D.C. GAF, might require you to amend. And it was possible to do. So if there's a requirement out there and there's the possibility of fulfilling it, why should you be excused by not fulfilling it simply because later the judge said whatever in her opinion? Well, in fact, what the judge pointed to in determining that the cutoff point… I don't care what the judge said. At the time you could have and maybe should have and maybe had to file the amendment, Dozier was out there, D.C. GAF was out there, the procedural rules told you how and when to file an amended complaint. You chose not to do it. Well, if an amendment would have been acceptable, then presumably it would have also been acceptable when the decision came but before the case was actually over. Well, you're not arguing that you were barred, blocked, prevented from amending, right? That's correct, but there was no law that… And don't you have to agree that there was a good reason to amend in the form of the D.C. Circuit's extant cases? I don't believe that because I think the application… You think those cases didn't require that you amend? I don't believe they did. I thought your view was, well, they did, but the Federal Circuit law pointing the other way should trump, and therefore the Federal Circuit law saves me. Now you seem to be saying, well, actually you're saved by the D.C. Circuit law. No, I think if you properly apply even D.C. Circuit law in the GAF D.C. case, what they say is that res judicata will prevent relitigation of the precise issue. Here, the precise issue as to what the district court determined was only based on the facts that existed at the time of filing, and it was in fact… It seems to me it is precisely the same issue. Was there an imminent threat of an infringement action being filed against you? The issue is the same. The evidence may be slightly different, but the issue seems precisely the same to me. How is it different? Well, in determining that, the fact that it was completely contrary to the lack of imminence, the subsequent German filing, was brought to the Court's attention. And the Court specifically declined to consider it, citing Arrowhead. All right. Well, we'll hear from the other side. Mr. Sanders. Do you consider that in order to win, we have to rely on D.C. Circuit rather than Federal Circuit law? Your Honor, I would submit that D.C. Circuit law controls in this case and that we win under D.C. Circuit law. I do not believe that the Federal Circuit has addressed the issue of the res judicata effect of a jurisdictional dismissal. But then again… Well, what I'm trying to ask you is, do you win on these facts regardless of which court's law we apply, or do you need in order to prevail for us to apply only D.C. law? Yes, Your Honor. Yes, what? I believe that we win under both circuits' law. However… Well, if that's true, then there's no need to decide whether this is a conflict, and if so, which one trumps, right? That is correct, Your Honor. There are two issues on which the district court decided to dismiss the case. We've read the opinion. We're quite aware of what you said. But the question is whether it's correct. Well, there's the discretionary dismissal as well. And that is why even if this court disagreed with the legal conclusions, the district court was still well within her discretion to dismiss this case because it was completely inefficient to pursue the approach the citizen pursued. Citizens certainly could have amended or supplemented this complaint during the first case, and it's a waste of judicial resources to instead sit idle while the district court writes an opinion for the federal reporter, a presidential opinion, and then say, oh, well, if we lose… Now you seem to be saying the D.C. law is better, so we should follow that. So now you have me confused. I thought you said it didn't make any difference which circuit's law we follow, and now you're talking about the efficiency of the D.C. law approach. My position is that the D.C. circuit law controls, and that is the law that should be applied. Even if the federal circuit decided to apply a different legal rule to this case, affirmance would still be proper because this court could affirm the district court's exercise of its discretion. In addition, I assume from… Oh, wait a minute. On what basis? If she followed the wrong law, how could it be that she exercised discretion affirmably? There's an assumption underlying the question that I'm trying to understand. Perhaps the court can assist me. I assume that you mean that the federal circuit law would be that the totality of the circumstances should be considered. I'm not sure. I don't think this court has spoken to the issue. You must file, and you're entitled to file, a subsequent lawsuit, and B, in the subsequent complaint, the entire series of transactions going back to day one are part of the analysis. Let's assume that's the federal circuit law. Now, certainly the law she purported to apply was totally different from that, at least I think it is. So, if she applied incorrect law, how can it be that she would be justified as a matter of discretion in declining to entertain declaratory judgment complaint number two, the one that's before us? I now understand the assumption of your question, Your Honor. I was assuming that the plaintiff would have been allowed to amend the first case, but I now understand for purposes of your question that the plaintiff would not. In that case, the totality of the circumstances would have to be considered, per your question in Part B of the assumption. And under that, we would still prevail, because the German suit would be simply a factor to be considered in the totality of the circumstances analysis. And in this case, that factor would be insufficient to change the conclusion. The conclusion of no jurisdiction, or the conclusion of there is jurisdiction, but as a matter of discretion, I'm going to throw the suit out anyway. The conclusion that there is no jurisdiction. Can I take you back to the question that we began with in our discussion with your opposing counsel? And that's the question of whether there was an acknowledgment, as the trial court characterized it, of the applicability of District of Columbia Circuit Law. There's a footnote. I guess it's in the appendix of A345 in a memorandum of points and authorities in opposition to defendant's motion to dismiss by the appellants. That footnote is significantly similar to the text of the pertinent section of the appellate brief. Is that the only place that this issue is discussed by the appellant in the district court? In other words, was the trial judge relying, do you think, on that footnote for her characterization of this as an acknowledged issue between the parties? I know you argued that D.C. Circuit Law is applicable. Would this footnote be the source of her conclusion that there was acknowledgment? I would say that the footnote is in part, and I think the broader context is necessary to understand why the district court came to that conclusion. In our opening brief, a week before, if you're moving to dismiss, that D.C. Circuit Law should control. And in opposition, if you look not only at the footnote on A345, Your Honor, but at the pages that follow that, they're all discussing Dozier and GAF. There was no real argument that there was some other law that ought to be applied that was different. Well, you could tease. I suppose that there isn't a kind of pound the table type argument in the footnote. But there's at least a suggestion of sympathy with Judge Dyke's concurring opinion. You've read the footnote? You're familiar with it? Yes, Your Honor. Oh, you've got it right there. All right, very good. It seems to me that one could characterize this footnote as at least a gentle urging that the court look to federal circuit law as opposed to D.C. Circuit Law. I just wonder if that footnote is completely consistent with the inference that the trial judge drew that this was acknowledged. I think, Your Honor, that it would be difficult to read from that footnote that a citizen was really raising an issue of what law to apply. When you look at the entirety of the briefing, that they were just really arguing about D.C. Circuit Law. And we were arguing about D.C. Circuit Law. That's all the district court judge saw the parties debating and concluded by Procol 8A5 that both parties agreed that D.C. Circuit Law should apply. Now, we don't have the whole pleading in that particular pleading. Was footnote 2 in Arrowhead specifically adverted to in this pleading? Do you know? I do know footnote 2 in Arrowhead. Would you happen to know whether that was adverted to? Maybe I'm asking the wrong person since it wasn't your pleading. I am fairly certain that it was not because we were quite aware of the Arrowhead case below and were looking to see how it might be argued. And we saw it for the first time argued in Citizens Opening Brief on appeal and addressed it in our opposition. What about GAF, the Federal Circuit GAF case? I thought opposing counsel said he cited that to Judge Shueville and pressed it for whatever it's worth. What's your response to that? I do not specifically recall whether Citizen below argued the GAF Federal Circuit case. But I would point out that the GAF Federal Circuit case does not stand for the proposition that Citizen urges that it's not possible to supplement or amend a complaint. Well, I don't care what it stands for or doesn't stand for. I'm trying to figure out whether Citizen waived or forfeited the right to claim help from Federal Circuit law by failing to raise it squarely and clearly in front of the trial judge. I specifically recall as to Arrowhead that that was not, footnote 2 of Arrowhead was not discussed. I do not see in here looking quickly that GAF Federal Circuit case argued. But again, we only have a portion of the brief and I hate to rely on my memory at this point on that. What do you think is your strongest ground of affirmance? I think our strongest ground of affirmance here is that this is an entirely procedural rule and therefore DC Circuit law should apply. It is clear and it is well-reasoned. And this is an entirely procedural rule. Can't you win under Federal Circuit law? I thought you answered my earlier question by saying, yeah, you could equally well win under Federal Circuit law. I think that's absolutely true, Your Honor. What makes you win under either circuit's law, assuming they're quite different? There are different aspects that make us win under each set of law because, as you mentioned, they're quite different, Your Honor. Under the DC Circuit law, we win because the rule is very clear that only occurrences subsequent to the dismissal can be considered. There was nothing that occurred after the first dismissal. And therefore, we win under DC Circuit law. We win under Federal Circuit law as you postulated it, Your Honor, having no ability to amend and considering the totality of the circumstances each time, which I submit would not be a well-reasoned rule. But we would win under that rule because the German suit is simply a factor to be considered. It was provoked by citizens' own actions. It was a measured response. Osram has patents around the world. It could have counterclaimed in the U.S., could have started a new suit in the U.S., could have filed around the world against citizens in response if it wanted to. It didn't. Osram took a very measured response, only responding to Germany at that time. Well, are you saying that the filing of the German suit neither made a U.S. suit against citizens more likely nor less likely? It was just neutral. That's right, Your Honor. I think you could even look at it in the aspect that it made it less likely because Osram certainly could have counterclaimed or brought a suit in the United States if that was what it intended to do. It only brought a suit in Germany, showing a disinclination to bring a suit in the United States at that time. I do not think it heightened citizens' reasonable apprehension of suit in the United States. Let me see if I understand what you think is the right rule for issue preclusion in the jurisdictional context. I file a complaint on day one. On day two, something happens that substantially strengthens my jurisdictional argument. My course of action then is to file an amended complaint at that point. I take it in order to bring that second fact before the district court. And absent an amended complaint, that second fact is not before the district court. That's part one, and you agree with that so far? That's correct, Your Honor. The only thing that I'd add to that is that we've used the word amendment very liberally, but really it would be a supplemental complaint because it's an additional fact under Rule 15d. And that was what was done in— Okay, okay. But either supplement or amend. Either one. Fine. Okay, and absent doing that, then anything that happened, whatever it was that happened, is not cognizable by the court on a second complaint. That's this case, as you see it. Right, okay. Second question, suppose that the same facts except the important fact that occurred occurred the day before the dismissal order. Same result, just too bad? No, Your Honor, there's a procedure to deal with that under the federal rules, and that would be Rule 16d, to reopen the judgment. I think that would be a very clear case where the judgment should be reopened. Okay. In fact, this was addressed in the Magnus case when the Seventh Circuit adopted the Dozier rule. They go on to say that the plaintiff there had a couple of choices. It could have amended his complaint to present the fact, could have appealed the first decision, or it could have used Rule 59 or Rule 60 to try to reopen the judgment so that it could amend its claim. And you would endorse, then, I take it—well, maybe this is pushing a little farther than what you just said, but tell me if you would endorse the language from Perry against Sheehan. Seventh Circuit case that followed Magnus in which the court says that the facts, the only facts arising after the complaint was dismissed, and then they add, or at least after the final opportunity to present facts to the court, can defeat the bar of the issue of preclusion. In other words, it can't be one of these last-minute facts that arises, or at least the party needs to have a mechanism for getting that fact before the first court through 60B. That's correct, Your Honor. Perry was a Seventh Circuit case citing back to Magnus, and I believe that that's actually what Perry was talking about, is the availability of Rule 59 or Rule 60B as discussed in Magnus. Okay. Mr. Sanders, isn't your strongest argument that the imminency of a threat of an Osram versus citizen infringement lawsuit was actually declining steadily over the whole time span of these two suits, and therefore the imminency was getting even weaker, and therefore the second complaint was all the more easily dismissible than the first, because rather than the new facts strengthening the threat, they didn't strengthen the threat, and the threat was attenuating? I would agree with that, Your Honor. Osram had negotiations with citizen back in 2003. They were unproductive. Osram and citizen both moved on to other things. There were no discussions during 2004. And then citizen, apparently, in a negotiating tactic to get Osram's attention again, filed a declaratory judgment complaint. Citizen filed a declaratory judgment complaint. Osram only responded in Germany and did not create a further apprehension suit in the United States. Do not agree that it was declining. Now, I have just one further quick question. Assuming that you have a case in which the plaintiff in the second action is barred from relitigating the matters that came up in the first action, how would you characterize what use the trial judge in the second case can make of those earlier facts? And by that, I think, let me look without getting too far afield here. Suppose that some important fact occurs in the period after the first dismissal, but that fact by itself might not be sufficient, but in conjunction with the earlier facts, which were not inverted to in the first complaint, would create jurisdiction. Is it possible for the court to go back and look at those facts in conjunction with the important new fact? Or how would you characterize what the court could properly do in that setting? Yes, Your Honor. I believe that the court should consider the facts in the first suit. And here's how I believe it should be done. I believe that the question is, does the fact that occurred subsequent to the first dismissal cure the jurisdictional defect in the first suit? And the way I look at it is, there's a hole in the jurisdiction in the first suit. Does the additional fact that occurred post-dismissal fill that hole? And if it does, then there's jurisdiction. It didn't happen in this case. Thank you. Mr. Wiro? Two minutes. If I could address just a couple points quickly. First, regarding the issue of whether they need D.C. law to prevail, even if you would accept their characterization of D.C. law, I think it's pretty clear that the district court judge did not consider the totality of the circumstances. And I think that's acknowledged at the top of page 45 of Osram's brief. They say, even assuming the totality of the circumstances test were suitable in this case, it would be appropriate to allow the district court to apply this test in the first instance. I think there's a clear recognition that the district court did not apply the totality of the circumstances test. The other thing that I'd like to address is the point Your Honor made about the argument, wasn't there some sort of subsiding of imminence or apprehension? I don't think that's the case, because first I think there's a characterization of a German suit that I would not agree with. It wasn't just an isolated instance of Osram filing suit only in their own country. In fact, Osram also filed suit in the ITC. But not against citizens. Right, but against another defendant. Well, that's kind of important, isn't it? Citizens worried about the threats against it, not against third party alleged infringers. The other thing is that the warning letters were not limited to German patents. In fact, the warning letters focused on US patents. But the warning letter was followed by a long period, as I recall, of non-filing. And so that's why I was suggesting that the threat, if any, was weakening over time, because every additional month there wasn't a filing, the warning letter loses more and more power. Okay, well, a couple things, and we brought this up in the second case, that the German case was not just dropped when the first case was dismissed, which I think undermines that it was retaliatory. In fact, they continued, and they continued to serve the German complaint. Even assuming they were hell-bent to pursue the German suit as aggressively and fast as humanly possible, what does that tell us about whether there's going to be an imminent American suit? Okay, well, let me add one last fact that just occurred last week. In fact, last week, Oswell brought suit in Delaware on four of the same patents that are at issue in this case. You can't fairly bring that up here when they have no chance to respond to that. That's not in your brief. It's not filed as an amendment to your brief under the Federal Rules of Appellate Procedure. We can't let you testify about new facts from last week on the ground, not in the record, where they have no chance to respond. Okay, I'm sorry. I thought that related to the issue that you questioned about it. Well, it would be relevant when you file the third, the D.J. complaint, perhaps. Well, but was that a suit again? I guess we're getting far afield, but just since we started, is that a lawsuit in which you are a defendant or just somebody else is a defendant? A citizen is a defendant. So you've got your lawsuit. Why do you need a D.J.? Well, essentially what that is doing is they're using the dismissal process in order to choose their own forum. Ah, so that's what this is all really about, is forum selection. And the net result, I think, it's going to be whether this case proceeds in D.C. or in Delaware. Well, but normally, D.J., the policy behind D.J.s is to allow somebody to avoid having this thread of lawsuit hanging over them forever and ever without having an opportunity to vindicate their rights. It sounds like you have an opportunity to vindicate your rights. It's just in Wilmington instead of in the district. Well, I think the plaintiff gets their choice of forum. Well, okay, but I mean, that's where we are, is we're arguing about forum. The more basic issue is to not have to wait and, as Arrowhead says, have the sword of Damocles dangling over your head. But the string has broken for the sword of Damocles. One way or another, that sword is no longer in the case. That's correct. Senator? Okay, let me just correct one thing. Quickly, because you're way over your time. Okay, I just want to make sure that I did not misspoke, because I think I heard you say that I represented that we cited the GAF federal circuit case to the district court. And I'm not sure if we cited that case, but we did clearly repeatedly cite Arrowhead and say the totality of the circumstance. I just do not recall off the top of my head that we cited that case. All right, thank you for the correction. All right, we thank both counsel. We'll take the appeal under advisement. Thank you.